JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08151-HDV-SK | Date | November 24, 2025 |
|---|---|---|---|
| Title | *Rachel Malloy v. Nissan North America, Inc., et al* | | |

| Present: The Honorable | Hernán D. Vera, United States District Judge |
|---|---|

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Present | Present |

**Proceedings:** **IN CHAMBERS—ORDER GRANTING MOTION FOR REMAND TO STATE COURT [8]**

## I. INTRODUCTION

Before the Court is Plaintiff Rachel Malloy's Motion to Remand ("Motion"). [Dkt. 8]. As discussed below, the Court finds that the requirements for subject matter jurisdiction are not met. The motion is granted.

## II. BACKGROUND

Plaintiff leased a 2023 Nissan Rogue ("Vehicle") on March 26, 2023. Complaint ¶ 5 [Dkt. 1-1]. Plaintiff alleges the lease of the Vehicle was accompanied by express and implied warranties. *Id*. ¶¶ 7, 15. Plaintiff also contends that, during the warranty period, she presented the Vehicle to Defendants for repairs of nonconformities, including but not limited to recalls PC966 and PD108, defects of the infotainment system, seats shifting when braking, transmission leaking, lopsided driver side seat, and hub assembly causing noise. *Id*. ¶ 10. Plaintiff asserts that Defendant failed to conform the Vehicle to the applicable warranties. *Id*. ¶¶ 12, 29.

On May 2, 2025, Plaintiff filed this action in the Los Angeles Superior Court, asserting claims pursuant to the Song-Beverly Consumer Warranty Act. *Id*. ¶¶ 14–34. Defendant Nissan North America, Inc. removed the action on August 28, 2025. Notice of Removal [Dkt. 1].

Plaintiff filed the instant Motion on September 26, 2025, arguing that Defendant failed to establish federal subject matter jurisdiction. [Dkt. 8]. Defendant opposed, [Dkt. 11], and

Plaintiff filed a Reply, [Dkt. 12]. On November 6, 2025, the Court heard oral argument and took the matter under submission. [Dkt. 14].

### III.     LEGAL STANDARD

A defendant may remove a case from state court to federal court pursuant to the federal removal statue, 28 U.S.C. § 1441. The party seeking removal bears the burden of establishing federal jurisdiction. *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). The removal statute is strictly construed and there is a "strong presumption" against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1999) (citation omitted); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

If the court lacks subject matter jurisdiction or there exists any defect in the removal procedure, a federal court may remand the case to state court. *See* 28 U.S.C. § 1447(c).

### IV.     DISCUSSION

Defendant contends that the Court has diversity jurisdiction over this case. Notice of Removal at 2–5; Opposition at 4–9. Such jurisdiction exists when there is complete diversity of parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Where . . . it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdiction threshold." *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted). "[I]n assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted). The amount in controversy "reflects the *maximum* recovery the plaintiff could reasonably recover," and it is established by what the plaintiff demands. *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).

The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014). But where the plaintiff challenges the removing defendant's allegations, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 88.

Plaintiff is seeking relief under the Song-Beverly Act, which allows the recovery of damages, civil penalties, and costs and expenses, including attorney's fees. Cal. Civ. Code § 1794. The default Song-Beverly rule is that actual damages consist of the "actual price paid or payable," *id.* § 1793.2(d)(2)(B), less various offsets (for mileage before first repair, third-party items, negative equity, unpaid financing), *id.* § 1793.2(d)(2)(B), (C); Cal. Code Civ. Proc. § 871.27(b)–(d), (f), plus incidental damages, Cal. Civ. Code § 1793.2(d)(2)(B). Civil penalties can be up to "two times the amount of actual damages." Cal. Civ. Code § 1794(c). For a lease, damages and civil penalties are calculated as follows:

> (1) Amounts paid or payable by the consumer under an existing agreement to extend a lease term shall be allowable as damages.
>
> (2) Amounts paid by the consumer for the residual value shall be allowable as damages. If the consumer has obtained financing to pay the residual value, the defendant shall pay the remaining residual value on the motor vehicle directly to the lienholder in the amount necessary to obtain title.
>
> (3) Amounts paid or payable by the consumer to extend a lease term shall be included in civil penalty calculations if paid for or the lease extension is activated by the consumer no later than 30 days after delivering pre-suit notice or filing a lawsuit, whichever is earlier.
>
> (4) Amounts paid by the consumer for the residual value shall only be included in civil penalty calculations if paid for or financed by the consumer no later than 30 days after delivering pre-suit notice or filing a lawsuit, whichever is earlier.
>
> (5) The residual value shall not be included in civil penalty calculations if not paid or financed by the consumer.

Cal. Code Civ. Proc. § 871.27(e).[1]

Defendant fails to demonstrate that the amount-in-controversy exceeds $75,000 by a preponderance of evidence. In this case, Plaintiff leased the Vehicle for a total price of $18,353.95, to be paid over a 36-month term. ("Lease Agreement") [Dkt. 8-1] at 1.[2] The lease agreement also provides that "the agreed upon value of the vehicle" is $33,080; together with an acquisition fee, the "gross capitalized cost" of the vehicle is $33,775. *Id*. at 1–2. That makes the "residual value" of the Vehicle at the end of the lease, for which the Plaintiff has the option to purchase the Vehicle, $24,285.55. *Id*. The lease ends on March 26, 2026. *See id.* at 1; Hearing.

Defendant argues that this case will not resolve prior to the lease expiration date, so the option to purchase the Vehicle will be triggered and the residual value of $24,285.55 is at issue in this case. Opposition at 6.

However, the Court, applying Cal. Code Civ. Proc. § 871.27(e), finds that the residual value is not properly included in the amount in controversy. Here, Plaintiff has not yet ***paid*** the residual value. The California Legislature expressly provided that the residual value forms part of actual damages only if it is in fact paid, not just "payable." *Compare id.* § 871.27(e)(2) with *id.* § 871.27(e)(1). Defendant's argument appears to be that, by the time this litigation is concluded and damages are calculated, Plaintiff will have paid this amount, and it should thus be included in the up-front amount in controversy calculations. But Defendant has not established,

---

[1] This statute is effective Jan. 2025.

[2] Citations to the Lease Agreement are to the internal, native pagination, not the CM/ECF pagination.

by a preponderance of the evidence, that Plaintiff will in fact elect to purchase the Vehicle when the lease is completed. Indeed, Plaintiff asserts in her complaint that the Vehicle is irreparably defective and has *revoked* acceptance. *See* Complaint ¶¶ 9–12, 18–19.[3] The starting point for actual damages—and the upper bound, after calculating the offsets[4]—is therefore only $18,353.95.

Even adding the two times civil penalties (of $36,707.90),[5] the amount in controversy is only $55,061.85. That is quite far from the jurisdictional threshold of $75,000. Defendant suggests that it is reasonable to assume $5,000 in attorneys' fees, Notice of Removal at 5; Opposition at 9, but that remains insufficient to meet the threshold. Accordingly, the Court finds that Defendant has not satisfied its burden to establish subject matter jurisdiction.[6]

---

[3] Excluding the residual value from actual damages comports with the analysis of other courts in this district. *See, e.g.*, *Azzinari v. Volkswagen Grp. of Am., Inc.*, No. CV 25-4997-JPR, 2025 WL 2835456, at *3 (C.D. Cal. Oct. 2, 2025); *Maguire v. Volkswagen Grp. of Am., Inc.*, No. 2:24-CV-07586-ODW-PDx, 2024 WL 5316229, at *1 n.1 (C.D. Cal. Sept. 30, 2024); *D'Amico v. Ford Motor Co.*, No. CV 20-2985-CJC-JCx, 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020); *Gomez v. Nissan N. Am., Inc.*, No. 2:24-CV-09020-SVW, 2025 WL 26368, at *3 (C.D. Cal. Jan. 3, 2025). Indeed, these cases go further, calculating actual damages as only the amounts actually paid on the lease thus far (not the total lease amount). But these cases were decided without the guidance of Cal. Code Civ. Proc. § 871.27(e). Plaintiff appears to concede that the $18,353.95 total lease price (minus offsets) is properly in controversy. *See* Motion at 6–7.

[4] Nissan calculates a roughly $883.24 mileage offset.

[5] It is even clearer that the residual value should not be included in the civil penalty calculation. Even if Plaintiff does elect to purchase the Vehicle at the end of the lease term and pays the residual value before the litigation resolves, that will not be within 30 days of filing the lawsuit. *See* Cal. Code Civ. Proc. § 871.27(e)(4).

[6] Because the Court concludes that the amount in controversy is not met, it need not reach the parties' other arguments. *See* Motion at 3–4, 8–11; Opposition at 4–5, 10–11; Reply at 3–5, 9–10. The Court briefly notes, however, that Plaintiff's arguments regarding comity and the timeliness of removal are meritless.

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–14 (2005), which addressed whether a state law claim that implicates significant federal issues qualifies for federal question jurisdiction, does not stand for the proposition that a federal court can remand a properly-removed case over which it has diversity jurisdiction for comity reasons. To the contrary, federal courts have a duty to exercise their jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Cohens v. Virginia*, 5 L. Ed. 257 (1821) (federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not"). And abstention is not appropriate here—this is an action for damages, and none of the comity-based abstention doctrines apply. *Quackenbush*, 517 U.S. at 730–31; *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932 (9th Cir. 2024).

## V. CONCLUSION

For the foregoing reasons, the action is hereby remanded to state court for all further proceedings.

**IT IS SO ORDERED.**

---

Plaintiff's argument that removal was not timely because removability was clear from the face of the Complaint fails on the merits because the case was not removable for the reasons discussed above, and is flatly inconsistent with Plaintiff's arguments on the merits of subject-matter jurisdiction.